IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SAMUEL BROWNLEE,                )
                                )
    Plaintiff,                  )
                                )
vs.                             )
                                )   No. 12-02052-JDT-tmp
CITY OF MEMPHIS, et al.,        )
                                )
    Defendants.                 )

---

## REPORT AND RECOMMENDATION

---

On January 23, 2012, Plaintiff Samuel Brownlee filed a *pro se* complaint against the City of Memphis, Memphis Police Department ("MPD"), and three individual MPD officers (collectively, "Defendants"), alleging civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, as well as various state law violations. (ECF No. 1.) The allegations in the complaint pertain to Plaintiff's arrest for domestic assault on January 22, 2011. According to the complaint, the arresting officers denied Plaintiff medical assistance when he suffered a seizure during the course of the arrest, used excessive force against him, and caused Plaintiff further injuries by driving erratically with Plaintiff in the back of the squad car, all in violation of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as various state laws.

On May 1, 2013, Plaintiff's daughter, Donna Brownlee, filed a

"Notice of Death," to which she attached Plaintiff's death certificate indicating that Plaintiff died on March 1, 2013.[1] (ECF No. 16.) Federal Rule of Civil Procedure 25(a)(1)provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Courts within the Sixth Circuit generally construe Rule 25(a)(1) as requiring two affirmative steps to trigger the running of the 90-day deadline for filing a motion of substitution: (1) the notice of death must be made upon the record, and (2) notice of the suggestion of death must be served upon the decedent's successor or representative. See, e.g., Lawson v. Cnty. of Wayne, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012); In re Aredia and Zometa Prods. Liab. Litig., No. 3-06-MD-1760, 2011 WL 3608636, at *1 (M.D. Tenn. Aug. 16, 2011); Bauer v. Singh, No. 3:09-cv-194, 2011 WL 320189, at *1 (S.D. Ohio Jan. 28, 2011). If no motion for substitution is filed after the notice has been served, the court must dismiss the action by the decedent. Fed. R. Civ. P. 25(a)(1).

Here, the Plaintiff's daughter filed the suggestion of death on May 1, 2013. To date, no motion for substitution has been filed

---

[1] There is no indication that Plaintiff's death was related in any way to the alleged injuries at issue in this lawsuit.

with the court. As more than 90 days have passed since the Notice of Death was filed by Plaintiff's daughter, it is recommended that the case be dismissed *sua sponte*, pursuant to Federal Rule of Civil Procedure 25(a)(1). See <u>Fossyl v. Milligan</u>, 317 F. App'x 467, 469 (6th Cir. 2009) (dismissing one appellant's appeal *sua sponte* after no motion for substitution was received by the court during the ninety days after service of the suggestion of death notice).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 20, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**